Wanda **MORIGNEY**, Plaintiff,

v.

**ENGINEERED CUSTOM PLASTICS CORPORATION and McKechnie Plastic Components, Inc., Defendants.**

No. 8:93–855–20.

United States District Court,
D. South Carolina,
Anderson Division.

May 13, 1993.

**988**

Hal J. Warlick, Easley, SC, for plaintiff.

Andreas N. Satterfield, and Katherine Dudley Helms, Greenville, SC, for defendants.

## ORDER

HERLONG, District Judge.

This matter is before the court on the motion by the plaintiff, Wanda Morigney ("Morigney"), to remand the case to the South Carolina Court of Common Pleas for Pickens County. Morigney asserts that this court lacks jurisdiction over the breach of contract action asserted in the complaint.

In June of 1990, Morigney, the defendants, and the Equal Employment Opportunity Commission ("EEOC") entered into a settlement agreement which resolved a charge of race discrimination filed by Morigney against the defendants pursuant to Title VII of the Civil Rights Act of 1964. A close reading of the complaint reveals that Morigney is alleging two claims: (1) breach of the settlement agreement and (2) breach of an employment contract created by an employee handbook.*

Morigney contends that this action is merely a state law claim for breach of contract and that this court lacks jurisdiction. The defendants argue that the court has jurisdiction because the claim for the breach of the settlement agreement is "brought under" Title VII. This court clearly has jurisdiction over actions brought under Title VII. 42 U.S.C. § 2000e–5(f)(3). The issue presented by this motion is whether the claim for the breach of the settlement agreement is brought under Title VII.

The United States Court of Appeals for the Fourth Circuit has held that the federal courts have jurisdiction over an action brought by the EEOC to enforce a settlement agreement like the one involved in this case. *EEOC v. Henry Beck Co.*, 729 F.2d 301, 305–06 (4th Cir.1984). That court found that the enforcement of the settlement was an action "brought under" Title VII such that the United States District Courts have jurisdiction under 42 U.S.C. § 2000e–5(f)(3). Morigney reads *Henry Beck* narrowly and argues that jurisdiction is conferred only when the EEOC is seeking enforcement of the settlement agreement. The court does not agree with such a narrow reading of *Henry Beck.*

The focus of the court in *Henry Beck* was the statutory scheme of Title VII and the importance to that scheme of settlements of the type involved in this case. In *Henry Beck,* the EEOC was the plaintiff. Nevertheless, a settlement is just as important to the statutory scheme of Title VII when the employee is the plaintiff. Therefore, the rationale of *Henry Beck* indicates that this action is "brought under" Title VII, and the court has jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(3).

The conclusion that the court has jurisdiction is further supported by *Eatmon v. Bristol Steel & Iron Works, Inc.,* 769 F.2d 1503 (11th Cir.1985). In *Eatmon,* the United States Court of Appeals for the Eleventh Circuit relied on the reasoning of *Henry Beck* to hold that the court had jurisdiction over an action brought by an employee to enforce a settlement agreement of a Title VII charge. *Eatmon,* at 1513. Relying on the reasoning from *Henry Beck,* the Eleventh Circuit stated that "the crucial factor to Title VII jurisdiction over these types of cases is not EEOC participation. It is furtherance of the congressional goal of conciliation and voluntary compliance with Title VII." *Id.* at 1512. Failure to permit these agreements to be enforced in federal court

---

* Morigney appears to allege the breach of a single contract, containing terms of both the settlement agreement and the handbook. This cannot be. The settlement agreement is a self-standing contract. The issuance of a handbook cannot add terms to that contract unless the agreement specifically provides that it can. The handbook can, at most, serve as evidence of an employment contract. Therefore, the court must interpret the complaint as asserting two separate claims.

by the employee could frustrate the congressional goal of compliance through conciliation. *Id.* at 1512–13.

This case is factually different from *Henry Beck* and *Eatmon.* In those cases, the plaintiffs wanted to be in federal court. In this case, Morigney wants to be in state court. This distinction, however, does not alter the result. If the court has subject matter jurisdiction pursuant to 42 U.S.C. § 2000e–5(f)(3), the action is properly removable.

Based on the foregoing, the court finds that this action is "brought under" Title VII, and the court has subject matter jurisdiction over the claim for a breach of the settlement agreement pursuant to 42 U.S.C. § 2000e–5(f)(3). The court also has jurisdiction over the claim for a breach of an employment contract pursuant to 28 U.S.C. § 1367(a). Therefore, it is

**ORDERED** that the plaintiff's motion to remand is denied.

**IT IS SO ORDERED.**

